UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALLAS DYSON #262685,

Plaintiff,

Hon. Paul L. Maloney

v.

Case No. 1:25-cv-00681

UNKNOWN MORSE,

Defendant.
______________________________________/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's unopposed motion be granted and that this action be terminated.

**I. Background**

Plaintiff initiated this action on June 20, 2025 (ECF No. 1) but not in proper form (ECF No. 5). After being permitted to do so (ECF No. 5), Plaintiff thereafter submitted his Amended Complaint on August 19, 2025 (ECF No. 7).

In his Amended Complaint, Plaintiff alleges the following. On September 22, 2024, he "got into a physical altercation with another inmate in the 8-man cube [he] was living in at the time." (ECF No. 7, PageID.17). After the altercation, the other inmate threatened to "stab [Plaintiff] with a weapon," so "immediately [Plaintiff] went to the officer's station, reported what occurred, and requested to be moved out of the unit for [his] own safety." (*Id.*). Defendant Morse responded, "Wait until the next shift, I'm not

having this shit on my shift." (*Id.*). Plaintiff started to walk back to his cell but returned to the desk because he was "overwhelmed with fear of loosing [sic] [his] life" and requested to be moved or placed in segregation for protection. (*Id.*). Defendant Morse told Plaintiff to "get away from the officer's station" and responded, "I don't see any injuries." (*Id.*). Plaintiff walked away but returned a third time, "demanding protection," to which Defendant Morse stated, "I am giving a DDO to return to return to your cube." (*Id.*). Upon Plaintiff's refusal, Defendant Morse handcuffed him, and Plaintiff was placed in "temp-segregation." (*Id.*). Plaintiff was later given a misconduct and "placed in level-4." (*Id.*). The Court interprets Plaintiff's allegations as an Eighth Amendment failure-to-protect claim.[1] Plaintiff seeks $250,000.00 in compensatory and punitive damages against Defendant in his individual capacity. (ECF No. 7, PageID.16-17).

Defendant moves to dismiss Plaintiff's Amended Complaint for failure to state a claim. (ECF No. 17). Plaintiff did not respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

**II. Analysis**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above

[1] As Defendant notes in his brief (ECF No. 18, PageID.52), Plaintiff does not specify a legal claim in his Amended Complaint (ECF No. 7, PageID.17), but in his original Complaint, Plaintiff stated that "Defendant Morse placed my life in danger, serious risk of harm when he denied me protection twice without a due process, forcing me to go down the hall where a man was awaiting with a weapon to take my life" (ECF No. 1, PageID.4).

the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with " 'deliberate indifference' to [his] health or safety." *Mingus v. Butler*,

591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. To establish a violation of this right, Plaintiff must demonstrate that "(1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel,* 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer,* 511 U.S. at 833).

Plaintiff alleges that after the altercation with another inmate, he "immediately . . . went to the officer's station, reported what occurred, and requested to be moved out of the unit for [his] own safety." (*Id.*). However, there are no factual details regarding what Plaintiff told Defendant about his fears of safety to discern if his response constituted deliberate indifference. Without any facts about what was communicated to Defendant, Plaintiff necessarily fails to show that Defendant knew of a substantial risk of harm, let alone that he disregarded it. Accordingly, Plaintiff's Eighth Amendment failure-to-protect claim will be dismissed for failure to state a claim.

Defendant argues that he is entitled to qualified immunity on Plaintiff's failure-to-protect claim. (ECF No. 18, PageID.57). The undersigned agrees.

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was] doing violate[d] that right.' " *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Qualified immunity applies when a plaintiff's evidence fails to "make out a violation of a constitutional right" or "the right at issue was [not] 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A court may address these steps in any order. *Id.* at 236. A government official is entitled to qualified immunity if either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

As explained above, Plaintiff has failed to state a plausible claim that Defendant was deliberately indifferent. Because Plaintiff has not plausibly alleged an underlying constitutional violation, the qualified immunity inquiry ends, and the undersigned need not address whether the right was clearly established. *See Pearson*, 555 U.S. at 232. Accordingly, the undersigned recommends that Defendant is entitled to qualified immunity in his individual capacity on Plaintiff's failure-to-protect claim.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 17) be granted and that this action be terminated. For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: October 21, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge